Geiger, J.
The plaintiff in her amended petition seeks a recovery against the city for the alleged wrongful act of the employee of the city, who was at the time in the course of his duty driving a fire truck for the purpose of testing it. The allegations o£ the petition as to negligence are, briefly, that the driver of the truck violated certain city ordinances in turning from his right hand side to the left hand side of the street, so that the plaintiff’s decedent approaching on his right hand side was compelled to turn to the left hand to void the approaching fire machine and that as he approached the driver of the truck turned to his right and came in collision with the motorcycle driven by plaintiff’s decedent, who was thrown under thé fire truck and dragged a certain distance and killed.
To this amended petition a demurrer is filed. The question is presented'as to whether or not in the state of Ohio there can be a recovery by one injured by the servants of the city who are engaged in driving fire apparatus either to a fire or for some other lawful and proper purpose.
Many cases have been cited by counsel for both plaintiff and defendant and many very cogent reasons why the city should be held responsible have been advanced.
Personally, I have always been out of sympathy with the holdings of the courts of Ohio that a city is not responsible for the negligent acts of firemen, and in a recent case, of Rees v. City of Springfield, decided January 6, 1919, refused to extend the doctrine announced in relation to fire apparatus to the operation, by the city, of garbage trucks.
Counsel for the plaintiff insist that it is high time that the principles heretofore announced by the Supreme Court should be overruled, or at least so distinguished as to permit a recovery in a case similar to the one at bar.
The court has confined his attention to the Ohio decisions, not deeming it of any value to go into decisions outside of the state of Ohio. Upon careful analysis of the cases in Ohio, which are noted below, the court can come to but one conclusion; that under the law of Ohio, as announced by the Supreme Court, *160 a city can not be held liable for the negligent act of the driver of a fire machine.
It is not a question as to whether the driver was negligent.' lie may well have been negligent by the violation of certain city ordinances or state statutes, but -the question is whether or not the city is responsible for the result of such negligence.
Counsel for plainiff insist that some of the cases enumerated below were decided many years ago and that the modern tendency is against the principles therein announced. Conceding this to be true, this court does not feel at liberty to override what appears to be a"clear decision of the Supreme Court of the state. Such a result must be obtained either through legislative enactment or by a reversal of the cases by the Supreme Court.
See: Western College v. Cleveland, 12 O. S., 375; Wheeler v. Cincinnati, 19 O. S., 19; Cincinnati v. Cameron, 33 O. S., 336; Toledo v. Coen, 41 O. S., 149; Robinson v. Greenville, 42 O. S., 625; Frederick v. City of Columbus, 58 O. S., 538; Bell v. Cincinnati, 80 O. S., 1.
Demurrer sustained.